# EXHIBIT A-2

**FILED**

AT_____O'CLOCK_____M

NO. C-891-10-B

MAR 2 6 2010

LAURA HINOJOSA, CLERK

IN THE DISTRICT COURT Hidalgo County

By_____Deputy

| | | |
|---|---|---|
| ONEIDA DIAZ, INDIVIDUALLY, AND AS NEXT FRIEND OF ARMANDO RUIZ, III, A MINOR | § § § § | |
| VS. | § § | HIDALGO COUNTY, TEXAS |
| KAWASAKI MOTORS CORP., U.S.A., KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., KAWASAKI HEAVY INDUSTRIES (U.S.A.), INC., KAWASAKI HEAVY INDUSTRIES, INC. AND MOTOR SPORTS CENTER, INC. D/B/A MCALLEN MOTOR SPORTS | § § § § § § § § | 93 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ONEIDA DIAZ, Individually, and as NEXT FRIEND OF ARMANDO RUIZ, III, A MINOR, hereinafter called Plaintiffs, complaining of and about KAWASAKI MOTORS CORP., U.S.A., KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., KAWASAKI HEAVY INDUSTRIES (U.S.A.), INC., KAWASAKI HEAVY INDUSTRIES, INC., AND MOTOR SPORTS CENTER, INC. D/B/A MCALLEN MOTOR SPORTS, hereinafter collectively called Defendants, and file this ORIGINAL Petition and would show unto the Court the following:

I.

### LEVEL III DISCOVERY CONTROL PLAN

Plaintiffs would request that discovery be conducted under a Level 3 Plan. A Motion requesting assignment of the case to Discovery Level 3 is being filed with this Petition by the Plaintiffs.

## II.

## **PARTIES AND SERVICE**

Plaintiffs ONEIDA DIAZ AND ARMANDO RUIZ, III are residents of Hildago County, Texas.

Defendant, KAWASAKI MOTORS CORP., U.S.A. [hereinafter referred to as KAWASAKI MOTORS] is a corporation or other form of business association which has been engaged in doing business and which is doing business in the State of Texas and citation may be served on its designated agent for service of process as follows: CT Corporation System, Inc., 350 N. St. Paul Street, Dallas, Texas 75201. The District Clerk is hereby requested to issue citation for service by Plaintiffs' attorney via private process server upon the Registered Agent at the address listed above.

Defendant, KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.. [hereinafter referred to as KAWASAKI MANUFACTURING] is a corporation, partnership, sole proprietorship, or other form of business association which has been engaged in doing business and which is doing business in the State of Texas including but not limited to the manufacture and sale of consumer products and all terrain vehicles in Texas, but which has not appointed an agent for service of process in Texas and therefore may be served by serving the Secretary of State of the State of Texas who is then directed to mail a copy of the citation and petition by certified mail, return receipt requested to the Chairman/Chief Executive Officer of KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.. at the home office at KAWASAKI MOTORS MANUFACTURING CORP., U.S.A. , 6600 Northwest 27th Street, Lincoln, Nebraska 68524. Therefore, the District Clerk is hereby requested to prepare and issue citations for service by Plaintiffs' attorney by private process server upon the Texas Secretary of State.

2

Defendant KAWASAKI HEAVY INDUSTRIES (U.S.A.), INC. [hereinafter referred to as KAWASAKI INDUSTRIES U.S.] is a corporation, partnership, sole proprietorship, or other form of business association which has been engaged in doing business and which is doing business in the State of Texas, including but not limited to the manufacture and sale of consumer products in Texas and citation may be served on its designated agent for service of process as follows: CT Corporation System, Inc., 350 N. St. Paul Street, Dallas, Texas 75201. The District Clerk is hereby requested to issue citation for service by Plaintiffs' attorney via private process server upon the Registered Agent at the address listed above.

Defendant KAWASAKI HEAVY INDUSTRIES, LTD. [hereinafter referred to as KAWASAKI INDUSTRIES] is a corporation, partnership, sole proprietorship, or other form of business association which has been engaged in doing business and which is doing business in the State of Texas, including but not limited to the manufacture and sale of consumer products, but which has not appointed an agent for service of process in Texas and therefore may be served by serving the Secretary of State of the State of Texas who is then directed to mail a copy of the citation and petition by certified mail, return receipt requested to the Chairman of KAWASAKI HEAVY INDUSTRIES, LTD. at the home office at KAWASAKI HEAVY INDUSTRIES, LTD., WORLD TRADE CENTER BUILDING, 4-1, HAMMASATU-CHO-CHOME, MINATO-KU, TOKYO, 105-6116, JAPAN. Therefore, the District Clerk is hereby requested to prepare and issue citations for service by Plaintiffs' attorney by private process server upon the Texas Secretary of State. The District Clerk is also requested to issue a second citation directed to this Defendant for service of process by private process server through the Hague Convention at the above address.

Defendant MOTOR SPORTS CENTER, INC. D/B/A MCALLEN MOTOR SPORTS [hereinafter referred to as MCALLEN MOTOR SPORTS] is a corporation, partnership, sole proprietorship, or other form of business association with its principal place of business in

Hildago, County, Texas and which has been engaged in doing business and which is currently doing business in Hildago County, Texas. The designated resident agent for service of process in Texas is Firelli Hernandez, 105 West Pelican, McAllen, Texas, 78501. The District Clerk is hereby requested to issue citation for service by Plaintiffs' attorney via private process server upon the Registered Agent at the address listed above.

### III.

Venue is proper in the county in which this lawsuit has been filed on the grounds that at least one of the natural person defendants described herein is a resident of Hildago County, Texas and that at all times material to this lawsuit and to the filing of the lawsuit, all or a substantial part of the events or omissions giving rise to the claim occurred in Hildago County, Texas. Furthermore, Plaintiffs were residents of Hildago County, Texas at the time of the events made the basis of this cause of action, and therefore venue is also proper based upon Texas Civil Practice and Remedies Code § 15.033. Since the Plaintiffs have independently established proper venue against at least one Defendant, this Court also has venue as to all the Defendants and all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

### IV.

On or about May 17, 2008, Minor Plaintiff Armando Ruiz, III was severely injured by a Kawasaki Prairie 360 ATV when the Prairie ATV overturned in Hildgao County, Texas. The Kawasaki Prairie 360 ATV was designed, manufactured, placed into the stream of commerce, sold and maintained by the Defendants.

### V.

### **STRICT LIABILITY IN TORT**

The Kawasaki Prairie 360 ATV in question was designed, manufactured, marketed, assembled, distributed, sold, maintained, and/or supplied by the Defendants. The Kawasaki Prairie 360 ATV in question was unreasonably dangerous and defective at the

time it was designed, manufactured, distributed, sold and/or supplied. At all times relevant to this cause of action, the Defendants engaged in the business of designing, manufacturing, marketing, and distributing all terrain vehicles and placed into the stream of commerce the all terrain vehicle in question. The defects in the Kawasaki Prairie 360 ATV in question included defects in design, manufacture, equipment, stability, handling, steering, instructions, rollover protection equipment and design and warnings. The Kawasaki Prairie 360 ATV in question was in a defective condition at the time it left the control of the Defendants and at the time it caused the injuries to the Plaintiffs. The defective condition of the Kawasaki Prairie 360 ATV in question, which made it unreasonably dangerous for the use of the general public and the Plaintiffs, arose because of a miscarriage in the manufacturing process and/or because of its design, and/or because of the failure to adequately test the vehicle, and/or warn or instruct the public as to its use and operation.

With respect to the design of the Kawasaki Prairie 360 ATV in question, at the time it left the control of the Defendants, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to the Plaintiffs. Furthermore, such safer alternative designs were economically and technologically feasible at the time the vehicle left the control of any and all of the Defendants by the application of existing or reasonably achievable scientific knowledge.

The defects in the Kawasaki Prairie 360 ATV in question were a producing cause of the incident and the injuries and damages to the Plaintiffs. The acts and omissions as described above were each a producing cause of the incident in question, and the injuries and damages sustained by the Plaintiffs. Therefore, Plaintiffs invoke the doctrine of strict liability in tort, as that term is understood and applied under all applicable law. These defects were known to all Defendants, manufacturers and sellers, who failed to disclose

or warn the Plaintiffs and public of such defects.

## VI.

## NEGLIGENCE

The Defendants and their agents, servants, and employees, for whose acts such Defendants are in all things responsible, were negligent in designing, manufacturing, marketing, testing, distributing, selling, inspecting, maintaining, and/or supplying the Kawasaki Prairie 360 ATV in question. The Defendants and their agents, servants, and employees engaged in certain acts and omissions constituting negligence, and such acts and omissions, among others, are as follows:

1. In failing to properly design and test the Kawasaki Prairie 360 ATV in question;

2. In failing to properly manufacture the Kawasaki Prairie 360 ATV in question;

3. In failing to properly market the Kawasaki Prairie 360 ATV in question;

4. In failing to properly inspect the Kawasaki Prairie 360 ATV in question;

5. In failing to properly maintain the Kawasaki Prairie 360 ATV in question;

6. In failing to adequately warn and inform the public regarding the use and operation of the Kawasaki Prairie 360 ATV in question; and

7. In failing to replace the defective Kawasaki Prairie 360 ATV and/or its defective equipment including rollover protection equipment.

These acts of negligence, among others, were a proximate cause of the incident, and the injuries and damages sustained by the Plaintiffs.

## VII.

## BREACH OF WARRANTY

The Defendants expressly and/or impliedly warranted and represented to the public generally, including the Plaintiffs, that the Kawasaki Prairie 360 ATV in question was of merchantable quality, and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner. The Defendants breached such warranties and representations by providing the Kawasaki Prairie 360 ATV in question when it was

6

not safe and not fit for the purposes intended. Plaintiffs relied upon these express and /or implied warranties and representations and suffered damages as a result of the breach of such warranties and representations by the Defendants. These breaches of warranty, among others, were a producing cause of the incident and the injuries and damages sustained by the Plaintiffs.

## VIII.

### DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT

Plaintiffs would further allege and show that at all times material to this suit, Plaintiffs were consumers as defined in § 17.45(4) of the Deceptive Trade Practices-Consumer Protection Act of the State of Texas. Additionally, the Defendants were engaged in "trade and commerce" as defined in § 17.45(6) of the Deceptive Trade Practices-Consumer Protection Act (hereinafter referred to as "DTPA"). The Defendants' acts or omissions constituted violations of the Texas Deceptive Trade Practices Act and Texas Business and Commerce Code § 17.41, et seq., and Plaintiffs seek damages as permitted by law for these violations.

## IX.

As a result of the occurrence described herein and the injuries to Armando Ruiz, III, including but not limited to the amputation of his left arm, the Plaintiffs have sustained substantial damages.

At the time of such occurrence, the Minor Plaintiff was five years of age and had a life expectancy of 72.2 years according to the applicable United States Life Tables (2004), a certified copy of which will be used in evidence at the trial of this cause. The Minor Plaintiff was in good health prior to the occurrence made the basis of this suit. As a result of the occurrence, however, the Minor Plaintiff has sustained in reasonable probability a loss of earning capacity in the future.

As a further result of this occurrence, the Minor Plaintiff has suffered significant physical pain and mental anguish in the past, and will suffer, in reasonable probability from significant physical pain and mental anguish in the future; and the Minor Plaintiff has suffered physical impairment and disfigurement in the past, and will suffer, in reasonable probability, from physical impairment and disfigurement in the future.

As a further result of this incident, the Minor Plaintiff has incurred in the past and will incur, in reasonable probability, medical expenses in the future and such medical expenses were and will be reasonably necessary for the injuries sustained, and were and will be reasonable and customary in the community in which they were and will be incurred.

As a further result of such occurrence and the severe injuries to Minor Plaintiff Armando Ruiz, III, Plaintiff Oneida Diaz, as his Mother and Legal Guardian, has incurred significant medical expenses and other expenses for his medical care and treatment in the past and will incur such expenses in the future and such medical expenses were and will be reasonably necessary for the injuries sustained, and were and will be reasonable and customary in the community in which they were and will be incurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein; that upon trial hereof they have judgment of the Court against the Defendants, jointly and severally, in a total amount of money substantially in excess of the minimum jurisdictional limits of this Court; together with prejudgment and post judgment interest as provided by applicable laws; for all costs of Court; and for all such other and further relief, both general and special, legal and equitable, to which they have shown or may show themselves justly entitled.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

Padilla, Rodriguez & de la Garza, L.L.P.

John M. Padilla
State Bar No.
James G. Rodriguez
State Bar No.
1776 Yorktown St., Suite 110
Houston, Texas 77056
713-574-4600 - PHONE
713-574-4601 - FAX

AND

THE PHIFER LAW FIRM

MICHAEL L. PHIFER
State Bar No. 15908700
952 Echo Lane, Suite 140
Houston, Texas 77024
(713) 571-2500 - PHONE
(713) 571-2505 - FAX

THE SANCHEZ LAW FIRM

SERGIO SANCHEZ
State Bar No. 24006617
4842 S. Jackson Road
Edinburg, Texas 78530
(956) 687-7700 - PHONE
(956) 687-7708 - FAX

ATTORNEYS FOR PLAINTIFFS